**Gary Wayne BILLINGTON, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55909.**

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

Charles B. Adams, Kirksville, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is a proceeding instituted by Gary Wayne Billington, as movant, under Rule 27.26, V.A.M.R., for relief from a sentence of imprisonment of fifteen years imposed on a plea of guilty to second degree murder. The trial court, after a hearing, denied relief and movant has appealed. We affirm.

On May 3, 1965, movant was charged by information with first degree murder, the shooting and killling of Delores Billington on January 13, 1965. On April 21, 1966, the charge was reduced to second degree murder and movant, represented by counsel, entered a plea of guilty and was sentenced as above stated.

He alleged in his motion to vacate and he contends on this appeal that his plea of guilty was involuntary, because he " * * * was induced and coerced to enter a plea of guilty by his * * * attorney" through assurances that his sentence would be ten years with credit for time spent in jail from January, 1965 to April, 1966. Closely allied to this ground for relief is his charge and contention that he was denied effective assistance of counsel in that his counsel failed and neglected to inform the court at the time of the plea that movant was entering a plea of guilty only because it had been represented to him and he believed that his sentence would be imprisonment for ten years and that he would be given credit on the sentence for the approximately sixteen months he had spent in jail awaiting trial. He asserts that acceptance of his plea of guilty under these circumstances denied him due process of law guaranteed by Article I, §§ 10 and 18(a), V.A.M.S., Constitution of Missouri and the Fourteenth Amendment to the Constitution of the United States.

Movant does not contend that at the time of his plea he had not been informed and did not know and understand all the rights of an accused. Nor does he contend that the court did not interrogate him to determine whether his plea was voluntary; in fact he alleges in his motion that the record will probably show that the court did " * * * question * * * as to him entering his plea voluntarily * * *." However, he asserts that even if the record of the plea proceedings does so show, the plea is void because of his ignorance of the law.

We quote a part of movant's testimony:

"Q All right; why did you agree to plead guilty?

"A Mr. Gifford told me—well, he didn't exactly say it, come around and say it, but he told me that the prosecuting attorney, he had talked to the prosecuting attorney and they had, the prosecuting attorney had agreed to recommend 10 years and my jail time.

"Q Now, what do you mean, 10 years and my jail time?

"A Well, at that time the charge was murder first and he was going to drop the charge to murder second if I plead guilty and then he was going to recommend that I get 10 years and my jail time."

Movant further testified that he knew the range of punishment for second degree murder without his attorney telling him; that he knew that the judge " * * * was not bound by what the prosecuting attorney recommended"; and knew that the judge could sentence him to any number of years within the range of punishment fixed by law; that the judge told him what the punishment was for second degree murder. Asked whether he also " * * * knew that the judge could or could not let this jail time go on the sentence * * *", he answered, "No, I actually thought that jail time was automatic, that I would get

it automatically", but he said no one had told him this.

R. M. Gifford represented Billington on the murder charge. He testified that he did not tell movant that he would be given a ten-year sentence if he pleaded guilty to second degree murder; that in his discussions of the case with movant he told him that he would try to get the prosecuting attorney to recommend a ten-year sentence and that he did try to do so on several occasions, but that the prosecutor refused to do so and at the time of the plea made no recommendation; that there were no discussions with movant of credit for jail time prior to or at the time of the plea, but that he " * * * mentioned it to the trial judge at the time of sentence * * *"; that sometime after the sentence he had letters from movant about credit for jail time and conversations with movant's mother on the same subject, but that he explained to them that the court's policy was not to allow credit.

■ It is clear from this evidence that the court reasonably could find and conclude, as it did, (1) that "[d]efendant was not coerced or induced to enter a plea of guilty by his attorney * * *" and that no " * * * promise or representation [was] made to him by his attorney or by anyone else as to what sentence he might receive * * *"; (2) that "[n]o representation was made to defendant prior to his entry of a plea of guilty that time would be allowed him or credited upon any sentence he received for time spent in jail prior to his having entered said plea"; (3) that movant was not denied effective assistance of counsel; and (4) that movant entered his plea of guilty voluntarily with understanding of the nature of the charge. The trial judge's findings on the issues are not clearly erroneous and, therefore, should be affirmed. Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo., 426 S.W.2d 67; State v. Mountjoy, Mo., 420 S.W.2d 316.

■ One other point briefed by defendant is that the information by which he was charged is fatally defective in that it alleges that the killing occurred on January 13, 1965 whereas the affidavit for a felony warrant alleged that it occurred on January 12, the day before. The point was not raised in the motion to vacate and the information is not a part of the transcript. We notice his point and contention ex gratia, and assume that the dates he mentions are correct. His contention appears to be that the offense was committed on a day subsequent to the day the affidavit for warrant was filed or that the time of the offense is stated imperfectly in the information. There is no merit in the point for reasons stated in the statute of jeofails, § 545.030, subsection 1, paragraphs (6) and (7). See also Rule 24.11. The information is not fatally defective for the reasons assigned by movant.

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and SHANGLER, Special Judge, concur.